**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ULIOUS BROOKS** : | |
| : | |
| Petitioner, : | **Case No. 1:07CV1265** |
| : | |
| v. : | **Judge Christopher A. Boyko** |
| : | |
| **STUART HUDSON, Warden,** : | |
| : | **MEMORANDUM OF OPINION** |
| Respondent. : | |

**CHRISTOPHER A. BOYKO,J:**

This matter is before the Court on Petitioner Ulious Brooks's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (ECF # 1). For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete

1

and detailed discussion of the facts.  On March 27, 2003, Petitioner was indicted by the Cuyahoga County Grand Jury on one count of Murder, in violation of Ohio Revised Code § 2903.02, with an attached Firearm Specification; and one count of Having Weapons While Under Disability, in violation of Ohio Revised Code § 2923.13.

The case proceeded to trial by jury. The jury returned a verdict of not guilty on the charge of Murder, but found Petitioner guilty of Voluntary Manslaughter and the Firearm Specification. The trial court also found Petitioner guilty of Having a Weapon While Under Disability. The trial court sentenced Petitioner to a prison term of nine years for Voluntary Manslaughter, one year for Having a Weapon While Under Disability, and three years for the Firearm Specification. The prison terms were ordered to be served consecutively, for a total sentence of thirteen years in prison.

Petitioner, through counsel, filed a timely appeal to the Eighth District Court of Appeals for Cuyahoga County, Ohio.   The Court of Appeals issued an opinion reversing the portions of the trial court's judgment which imposed post-release control and a $20,000 fine as part of Petitioner's sentence, remanding the matters for re-sentencing. The appellate court affirmed the judgment of the trial court in all other respects.

Petitioner, through counsel, filed a timely Notice of Appeal in the Supreme Court of Ohio. The Supreme Court of Ohio accepted the appeal on Proposition of Law No. I, which stated, "A judge may not impose a sentence by finding facts not found by the jury or stipulated to by the defendant and when she does so it violates *Blakely v. Washington*, 542 U.S. , 124 S. Ct. 2531 (2004)".  Subsequently, the Supreme Court of Ohio reversed the judgment of the Court of Appeals as to Proposition of Law No. I, and remanded the matter to the trial court for re-sentencing consistent with *State v. Foster*, 109 Ohio St.3d 1(2006).

The trial court re-sentenced Petitioner and again imposed consecutive prison

2

terms of nine years for Voluntary Manslaughter, one year for Having a Weapon While Under Disability, and three years for the Firearm Specification, for a total sentence of thirteen years in prison. The trial court also imposed post release control and ordered Petitioner to pay court costs. Petitioner did not appeal following re-sentencing.

On April 30, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this Court, asserting the following three grounds for relief:

> **GROUND ONE**: When a juror states repeatedly and unequivocally that she or he can be fair and impartial to the State and the defendant, the trial judge cannot remove her 'for cause' and removing a juror 'for cause' (over objection) violates the 6th and 14th Amendments of U.S. Constitution.
>
> **Supporting Facts**: The State moved to excuse a prospective juror, Mrs. Coates, for cause. The defense objected. The trial court removed her for cause over objection. See *Irvin v. Dowd*, (1961) 366 U.S. 717.
>
> **GROUND TWO**: The 14th Amendment of the U.S. Constitution requires a jury instruction on the defense of accident when there is evidence to support it and when the State fails to object to the closing argument that the shooting was accidental.
>
> **Supporting Facts**: The defense requested a jury instruction accident under O.J.I. 411.01. The Court refused to give the instruction. See *California* v. *Trombetta*, 467 U.S. 479 (1984); *Newton v. Million*, 349 F.3d 873.
>
> **GROUND THREE**: The trial court violated the 6th and 14th Amendment of the U.S. Constitution by giving a jury instruction in Voluntary Manslaughter at the request of the State and imposing an affirmative defense on Petitioner when the Petitioner denied shooting the victim.
>
> **Supporting Facts**: By giving an improper jury instruction in Vol. Manslaughter the judge imposed a burden of proof and altered the defense theory of the case in violation of the 6th and 14th Amendment of the U.S. Constitution.

On May 3, 2007, this Court referred Petitioner's petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on February 19 , 2009.  Petitioner filed his Objections to the Report and Recommendation on April 5, 2009, after having been granted a continuance to extend the deadline.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. §2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the  report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In his first ground for relief, Petitioner contends that the trial court violated the Sixth and Fourteenth Amendments to the United States Constitution when the trial court excluded a juror for cause after the prospective juror stated she could be fair and impartial.  As Respondent correctly points out, although a prospective juror's bias need not be proved with unmistakable clarity, there will be times when the trial judge is "left with the definite impression that a prospective juror would be unable to faithfully and impartially apply the law," and the trial judge's resulting determination is entitled to

4

deference from reviewing courts. *Wainwright v. Witt*, 469 U.S. 412, 425-26 (1985).

On habeas corpus review, the court's focus is on "whether the trial court during the voir dire prevented the empaneling of an impartial jury." *Hill v. Brigano*, 199 F.3d 833, 844 (6th Cir. 1999). The Sixth Circuit has explained that "a petitioner must show that the selected jury was biased to succeed on this claim: When reviewing a trial court's dismissal of potential jurors for cause, this court must determine whether the trial court's decision prevented the empaneling of an impartial jury. It is not enough for the defendant to show that the decision to exclude the two jurors was improper. He also must show that the jury selected was biased." *Hillv. Brigano*, 199 F.3d 833, 844 (6th Cir. 1999).

This Court agrees with the Magistrate Judge's determination that Petitioner's argument is exclusively based on the exclusion of one juror, and not on the jury that was empaneled. Without a showing that his jury was biased, merely arguing that the trial court erred in dismissing a prospective juror for cause is insufficient to warrant habeas relief. Id. at 844-45.

Additionally, as the Magistrate Judge points out, the state appellate court decision did refer to an appropriate decisional basis (*Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 852, 83 L.Ed.2d 841 (1985)) from the Supreme Court which is sufficient to trigger a presumption that "state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002). "§2254(d) requires that 'state court decisions to be given the benefit of the doubt.'" *Holland v. Jackson*, 542 U.S. 649, 654, 124 S.Ct. 2736, 2739, 159 L.Ed.2d 683 (2004), quoting *Visciotti*, 537 U.S. at 24, 123 S.Ct. at 360.

The Eighth District Court of Appeals reviewed Petitioner's claim, cited Supreme Court precedent, and found that the trial court did not abuse its discretion in dismissing a juror for cause. Therefore, this Court finds Petitioner has not demonstrated that the

5

state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, and concludes his first claim is without merit.

In his second ground for relief, Petitioner contends that the trial court's refusal to give the jury an instruction on accident as requested by his counsel was an error of constitutional magnitude.  As the Magistrate Judge correctly determined, a defendant "is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). However, a court need not instruct the jury on a defense if the evidence is insufficient as a matter of law to support the defense. *United States v. Bailey*, 444 U.S. 394, 412-415, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). This Court agrees that no due process violation occurs for failing to give an instruction on a defense where there was insufficient evidence as a matter of law to support such a charge.

In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner contends the trial court allowed, without objection, counsel to argue accident but refused to give the jury the proper law that supported the defense of accident.  The Magistrate Judge's Report and Recommendation accurately and thoroughly addresses the record showing that Petitioner denied shooting the victim or possessing a gun. Therefore, this Court finds Petitioner is estopped from claiming it was an accident.

The Magistrate Judge correctly noted that the appellate court found the evidence warranted an instruction on voluntary manslaughter, but did not warrant an instruction on accident. This Court agrees Petitioner's claims are without merit because he presents no showing of a fundamental miscarriage of justice resulting from an asserted error relating to the jury instructions.  A review of the record fails to reveal such a miscarriage and therefore cannot meet the overall burden of showing that the state court ruling involved an unreasonable application of federal law. Additionally, the

6

appellate court's decision with respect to the jury instructions in Petitioner's case was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

In his third claim for relief, Petitioner again challenges the instructions of law given by the trial court to the jury. Petitioner asserts that the jury should not have been instructed on Voluntary Manslaughter because that instruction imposed a burden of proof upon him to show mitigation facts necessary to reduce the charge from murder to manslaughter.  As the Magistrate Judge points out, the state appellate court held that the trial court did not abuse its discretion by giving a jury instruction on Voluntary Manslaughter, as there was sufficient evidence to support the instruction.  The Sixth Circuit has reviewed and upheld Ohio's requiring a defendant to prove the mitigating circumstances for voluntary manslaughter in the face of a due process challenge. *Rhodes v. Brigano*, 91 F.3d 803 (6th Cir.1996), cert. denied, 520 U.S. 1254, 117 S.Ct. 2415, 138 L.Ed.2d 179 (1997).  Therefore, the trial and state appellate courts instruction and holdings, respectively, are consistent with controlling federal laws.

This court agrees with Respondent that federal courts must defer to the state court's factual finding. See *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004) ("A federal court is to apply a presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption.")  The appellate court found that the evidence warranted an instruction on Voluntary Manslaughter, but did not warrant an instruction on accident. Petitioner has not shown that the decision was contrary to clearly established Federal law. Therefore, his third ground for relief is without merit.

For the foregoing reasons, the Court finds Petitioner has failed to demonstrate that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to, or involved an unreasonable application of, federal law. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and

Recommendation. Therefore, Petitioner's Petition Under U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is denied.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

May 26, 2009_____  s/Christopher A. Boyko
Date    CHRISTOPHER A. BOYKO
    United States District Judge